**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**CASSANDRA BERESHA JACKSON,**

        **Plaintiff,**

-vs-                                                                                                 Case No. 6:07-cv-933-Orl-22KRS

**MICHAEL J. ASTRUE, COMMISSIONER
OF SOCIAL SECURITY,**

        **Defendant.**

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **RICHARD A. CULBERTSON'S REQUEST FOR AUTHORIZATION TO CHARGE A REASONABLE FEE PURSUANT TO 42 U.S.C. § 406(b)** (Doc. No. 21) |
| **FILED:** | **March 31, 2009** |

    Richard A. Culbertson, Esq., counsel for Plaintiff Cassandra Beresha Jackson, petitions for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). Doc. No. 21.

**I. PROCEDURAL HISTORY.**

    In May 2005, Jackson applied for benefits under the Supplemental Security Income for Aged, Blind, and Disabled program ("SSI"), 42 U.S.C. § 1381 *et seq.*, and under the Federal Old Age, Survivors and Disability Insurance Programs ("OASDI"), 42 U.S.C. § 401 *et seq.* The SSA denied Jackson's applications. Jackson made a timely request for review of the administrative law judge's

(ALJ) decision with the Appeals Council. The Appeals Council denied her request for review. Doc. No. 13 at 3-4.

This Court granted the Commissioner's motion for entry of judgment with remand, reversed the Commissioner's decision, and remanded the case on January 7, 2008. Doc. No. 15. The Clerk entered judgment in favor of Jackson. Doc. No. 16. Jackson subsequently filed a petition for an award of attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Doc. No. 19. The petition was granted, and the Court awarded "a fee payable to Richard A. Culbertson in the amount of $4,867.56" pursuant to the EAJA. Doc. No. 20.

On March 18, 2009, the Commissioner issued a Notice of Award advising Jackson that she was entitled to monthly disability benefits from January 2005. Doc. No. 21-3. Jackson subsequently filed the instant petition for attorney's fees pursuant to § 406(b) on March 31, 2009. Doc. No. 21.

Culbertson represented Jackson before this Court pursuant to a contingent fee agreement that provides for an attorney's fee award of 25% of any past-due benefits awarded. Doc. No. 21-2. Jackson was awarded $40,311.00 in past-due benefits, and the Notice of Award indicates that $10,077.75 was withheld from Jackson's first check for attorney's fees, which is 25% of the past-due benefits. Doc. No. 21 at 1; Doc. No. 21-3 at 2.

Culbertson now requests that the Court award to him additional fees pursuant to § 406(b) in the amount of $10,077.75, but authorize him to charge the difference between this amount and the $4,867.56 in EAJA fees, for a net total of $5,210.19. Culbertson represents that "EAJA fees are paid to other attorneys who act as co-counsel instead of to Counsel," and "Counsel cannot refund something he did not receive;" therefore, he cannot refund to Jackson the $4,867.56 received under the EAJA. Doc. No. 21 at 5. The Commissioner objects to the award of a net fee, but would not object

to a refund of the EAJA fees. *Id.* This matter has been referred to me for report and recommendation.

**II.  ANALYSIS.**

Culbertson seeks attorney's fees under § 406(b),[1] which provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). In *Bergen v. Commissioner of Social Security*, 454 F.3d 1273, 1277 (11th Cir. 2006), the United States Court of Appeals for the Eleventh Circuit held that § 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." Because Jackson was awarded past-due benefits following remand, the Court may award attorney's fees under § 406(b).

   *A.    Reasonableness of Culbertson's Requested § 406(b) Fee.*

The first question the Court must resolve is whether the requested fee is reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The burden is on counsel for the successful claimant to show that the fee sought is reasonable for the services rendered. *Id.* "[T]he court may require the claimant's attorney to submit . . . a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808. The

---

[1] The payment of fees in SSI cases is governed by 42 U.S.C. § 1383(d). Originally, only § 406(a), which governs payment of fees for work performed at the administrative level, was incorporated into § 1383(d). Section 406(b), which governs payment of fees for work performed before the court, was not. *See Bowen v. Galbreath*, 485 U.S. 74, 75 (1988). However, in the Social Security Protection Act of 2004 (SSPA), Pub. L. No. 108-203, Congress incorporated all of § 406 into § 1383(d). Pub. L. No. 108-203, sec. 302(a).

Court observed that the contingent fee may be reduced when the fee is not commensurate with "the character of the representation and the results . . . achieved" or when the past-due benefits "are large in comparison to the amount of time counsel spent on the case . . . ." *Id.*

In another case approving a contingent fee for a Social Security claimant's counsel, *McKee v. Comm'r of Soc. Sec.*, No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453, at *2-5 (M.D. Fla. Sept. 30, 2008), I set forth a lengthy discussion of the reasonableness of contingent fee awards and the proper standards for their evaluation, concurring with the standard established in *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363 (N.D. Ga. 2005). I adopt that analysis in this Report.

There are two attorneys of record for Jackson in this case: Culbertson and Thomas Rice. The time sheets submitted in support of the motion for an award of EAJA fees reflect that these two attorneys collectively worked 29.1 hours on this case. Doc. No. 19. My review of the file reflects that this was a contested matter before this Court. *See* Doc. No. 10 (answer requesting the Court dismiss Jackson's complaint); Doc. No. 14 (motion by Defendant for entry of judgment with remand). As a result of the attorneys' work, Jackson was successful on her claim. Under these circumstances, a contingent-fee award of $10,077.75 is reasonable in light of the 25% statutory limit, the requirement that counsel refund the previously awarded EAJA fee, and contingent fee agreements permitted in other cases. *See Yarnevic*, 359 F. Supp. 2d at 1365-66 (citing contingent fee awards).

B.     *Refund of EAJA Attorney's Fees.*

When attorney's fees are awarded under both the EAJA and § 406(b), a social security claimant's attorney must "'refun[d] to the claimant the amount of the smaller fee.'" *Bergen*, 454 F.3d at 1277 (quoting *Gisbrecht*, 535 U.S. at 796). This is required because to do otherwise would be a crime. Section 206 of Pub. L. No. 96-481, *amended by* Pub. L. No. 99-80 § 3, 99 Stat. 183 (1985),

included a savings clause providing that the criminal penalties for accepting a fee under both the EAJA and § 406(b) are inapplicable "only if, where the claimant's attorney receives fees for the same work under both [§ 406(b) and the EAJA], the claimant's attorney refunds to the claimant the amount of the smaller fee."[2]

Culbertson asserts that the Retainer Agreement provides that EAJA fees would be applied to reduce the § 406(b) fees, that there are many cases where EAJA fees are paid to co-counsel instead of to counsel, and "[c]ounsel cannot refund something he did not receive." Doc. No. 21 at 5. He requests, therefore, that the SSA simply pay him the net of the § 406(b) fee less the EAJA fee. This procedure would not, however, strictly comply with the savings clause requirement.

Moreover, adopting Culbertson's procedure might result in a delay in Jackson receiving the EAJA fee. When the amount of the past due benefits "equals or exceeds 12 times the Federal Benefit Rate plus any federally administered State supplementation payable in a month to an eligible individual," the SSA must pay the past due benefits "in not more than 3 installments . . . at 6-month intervals." 20 C.F.R. § 416.545(b). Except in limited situations, "the amount of each of the first and second installment payments may not exceed the threshold amount of 12 times the maximum monthly benefit payable" as described in the Regulations. *Id.* Accordingly, if Culbertson is not required to refund the EAJA fees to Jackson, Jackson's recovery of those fees could be delayed by the SSA's installment payments.

Therefore, in accordance with *Bergen*, 454 F.3d at 1277, Culbertson must refund the entire EAJA fee to Jackson.

---

[2] The savings clause appears in the note to the EAJA, rather than the Act itself.

**III. RECOMMENDATION.**

Based upon the foregoing, I respectfully recommend that the Court **GRANT in part** Culbertson's motion for attorney's fees pursuant to § 406(b). I further recommend that the Court do the following:

1. **ORDER** that Richard A. Culbertson, Esq., is authorized to charge and collect from Jackson the sum of $10,077.75;

2. **ORDER** that, after receiving the § 406(b) fee, Culbertson promptly refund to Jackson the $4,867.56 he received as an EAJA fee; and

3. **ORDER** Culbertson to provide a copy of the Court's order to Jackson.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 10, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy